*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 21-BG-738

IN RE JEWEL M. HARMON, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 441232)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(DDNs 289-15, 104-16 & 224-17)

(Decided February 3, 2022)

Before MCLEESE and DEAHL, *Associate Judges*, and WASHINGTON, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, an Ad Hoc Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Jewel M. Harmon voluntarily acknowledged that she failed to provide competent representation to clients in three separate probate matters. As a result, Respondent violated D.C. Rules of Professional Conduct 1.1(b), 1.3(a),

1.16(d), and 8.4(d). The proposed discipline is a sixty-day suspension, stayed in favor of one year of probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that the proposed disposition is justified and not unduly lenient. *See* D.C. Bar R. XI, § 9(h)(2); *In re Mensah*, 262 A.3d 1100, 1104 (D.C 2021) (per curiam); Board Prof. Resp. R. 17.5(a)(iii). Accordingly, it is

ORDERED that Respondent Jewel M. Harmon is hereby suspended from the practice of law in the District of Columbia for sixty days, with the suspension stayed in favor of one year of probation with the following conditions:

> Within the first 30 days of the one-year probationary period, Respondent shall consult with the D.C. Practice Management Advisory Service (PMAS) about her case management system and provide Disciplinary Counsel with written confirmation of such consultation from PMAS. This consultation shall include discussion of how to ensure all filing deadlines and other obligations are timely met in the event Respondent's health issues resurface. Within the first 90 days of the one-year probationary period, Respondent shall provide written confirmation that she has complied with any and all recommendations made by PMAS. Within the first six months of the one-year probationary period, Respondent shall attend six hours of ethics continuing legal education

courses, approved by Disciplinary Counsel, and provide written confirmation of her attendance. Further, during the entire one-year period, Respondent shall not be found to have engaged in any misconduct in this or any other jurisdiction. If Disciplinary Counsel has probable cause to believe that Respondent has violated the terms of her probation, Disciplinary Counsel may seek to revoke Respondent's probation pursuant to D.C. Bar R. XI, § 3 and Board Rule 18.3, and request that Respondent be required to serve the suspension previously stayed herein, consecutively to any other discipline or suspension that may be imposed, and that her reinstatement to the practice of law will be conditioned upon a showing of fitness.

*So ordered.*